NO. 07-00-0424-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



APRIL 3, 2001


______________________________



RICHARD PELFREY
,




 Appellant


V.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;



NO. 12,585-C; HON. PATRICK PIRTLE, PRESIDING


_______________________________



ABATE AND REMAND


_______________________________



Before BOYD, C.J., QUINN and REAVIS, JJ.

 Richard Pelfrey (appellant) appeals from a judgment convicting him of indecency
with a child. After appellant's notice of appeal and the appellate record were timely filed,
appellant's counsel filed a Motion to Abate and Remand. Through this motion, appellant
represents that even though the judgment shows that he was convicted of indecency with
a child, he was actually convicted of the lesser included offense of attempted indecency
with a child. The State has not filed a response. 

 We abate the appeal and remand the cause to the 251st Judicial District Court
(district court) and order the district court to immediately notice and conduct a hearing to
determine whether the judgment incorrectly reflects the offense for which appellant was
actually convicted and, if so, whether the mistake is a clerical error subject to correction
via a nunc pro tunc judgment. If it is determined that the judgment is incorrect and that the
mistake is a clerical error, then the trial court shall execute all orders or decrees needed
to correct the error and enter a nunc pro tunc judgment reflecting the offense for which
appellant was actually convicted. 

 Furthermore, the district court shall also cause to be developed 1) findings of fact
and conclusions of law addressing whether the judgment incorrectly reflects the offense
for which appellant was actually convicted and whether the mistake was clerical, 2) a
supplemental clerk's record containing the findings of fact and conclusions of law and all
orders and any nunc pro tunc judgment of the district court issued as a result of its hearing
on this matter, and 3) a reporter's record transcribing the evidence and argument
presented at the hearing on this matter. Additionally, the district court shall cause the
supplemental clerk and reporter's records to be filed with the clerk of this court on or
before May 3, 2001. Should additional time be needed to perform these tasks, the district
court may request same on or before May 3, 2001. Finally, the deadline by which
appellant must file its appellant's brief is extended to June 4, 2001.

 It is so ordered.

 Per Curiam


Do not publish. 



 left cerebral system and he was admitted to Wilbarger General Hospital. Two
days later he was transferred to a hospital in Wichita Falls and on December 17, 1998, he
died.

 By their lawsuit, the heirs contended the failure of Dr. Collums to diagnose and treat
Sutton's stroke proximately caused his death. In his expert report in support of the heirs'
case, Dr. Paul Carl Friedman agreed that cleaning Sutton's ears was one possible
treatment for the symptoms initially presented. However, he also states that failure to
diagnose and treat Sutton's stroke resulted in his death. 

 Doctor Collums filed a motion to reconsider his motion to dismiss the cause alleging
the expert report did not satisfy the requirements of article 4590i of the Act. He challenged
the report as inadequate for failing to address the appropriate standard of care for a
general practitioner in treating a patient like Sutton. He also questioned the failure to
include any tests or procedures that should have been performed by an ordinarily prudent
general practitioner as well as the failure to indicate what diagnoses a general practitioner
should have made based on tests and procedures. Based on Dr. Collums's motion, the
trial court dismissed the suit. 

 By their sole issue, the heirs contend the trial court erred when it granted Dr.
Collums's motion to dismiss pursuant to article 4590i, section 13.01. We disagree. A trial
court's decision to dismiss a case pursuant to article 4590i, section 13.01 is reviewed
under an abuse of discretion standard. American Transitional Care v. Palacios, 46 S.W.3d
873, 875 (Tex. 2001). A trial court abuses its discretion when it acts arbitrarily or
unreasonably without reference to any guiding rules or principles. Walker v. Gutierrez,
111 S.W.3d 56, 62 (Tex. 2003), citing Downer v. Aquamarine Operators, Inc., 701 S.W.2d
238, 241-42 (Tex. 1985). The issue for the trial court is whether the report represents a
good faith effort to comply with the statutory definition of an expert report. Palacios, 46
S.W.3d at 878. The report must contain a fair summary of the expert's opinion about the
(1) applicable standard of care; (2) manner in which the care failed to meet that standard;
and (3) causal relationship between that failure and the claimed injury. Article 4590i, §
1301(r)(6); Palacios, 46 S.W.3d at 878. The report must provide sufficient information to
(1) inform the defendant of the specific conduct the plaintiff has called into question, and
(2) a basis for the trial court to conclude the claims have merit. Palacios, 46 S.W.3d at
879.

 The trial court should look no further than within the four corners of the report to
determine whether it represents a good faith effort to comply with the definition of an expert
report. Id. at 878. A plaintiff is not required to marshal all his proof, but must include the
expert's opinion on each of the three elements required by the Act. Id. An expert report
that merely states conclusions or omits any of the statutory requirements does not fulfill
the purposes of an expert report. Id. at 879. 

 The heirs argue the trial court's dismissal was based on Bowie Memorial Hosp. v.
Wright, 79 S.W.3d 48 (Tex. 2002), for failing to adequately allege causation and failing to
connect the breach of the standard of care to the injury. They distinguish the reports in
Bowie and in Palacios and assert that Dr. Friedman expressed his opinion on causation
in his report by stating that Dr. Collums's failure to diagnose a stroke and treat it with blood
thinner medications resulted in Sutton's death. 

 In his report, Dr. Friedman provides in relevant part:

 It was a serious error and negligent to fail to ask the question 'why did not
the treatment restore his hearing and balance?', then analyze the answer
and act thereon. Had that been done, the appropriate diagnosis of "brain
attack" or "stroke" would have been made, and appropriate treatment, i.e.
administration of a blood thinner would have been initiated, limiting the effect
of the stroke. . . . Mr. Sutton's decline and death was a result of that failure
to diagnose and treat. 

 The standard of care breached is: That which an ordinarily prudent health
care provider (in this case, a general practitioner) would do under the same
or similar circumstances. Such a physician would, under the circumstances,
have made a proper diagnosis after further examination following the failure
of the initial treatment (ear cleaning).


 As required by Palacios, we must focus our analysis only on the information
contained in the four corners of the report. Although it discusses what a general
practitioner would do under the same or similar circumstances, it does not address the
causal relationship between the alleged "serious error" in not questioning why Sutton's
hearing and balance were not restored after his ears were cleaned and his death. Also,
the report does not discuss any tests or procedures that should have been performed by
an ordinarily prudent general practitioner on a patient with Sutton's symptoms. No
connection is provided between Dr. Collums's failure to diagnose and treat stroke
symptoms and Dr. Friedman's conclusory statement that the alleged failure resulted in
Sutton's death. Based on the information provided in the report, we cannot conclude the
trial court abused its discretion in dismissing the heirs' cause of action. The heirs' sole
issue is overruled.

 Accordingly, the judgment of the trial court is affirmed.

 Don H. Reavis

 Justice 
1. Repealed by Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex.
Sess. Law Serv., current version at Tex. Civ. Prac. & Rem. Code Ann. § 74.001 - 74.507
(Vernon Pamph. Supp. 2004). All citations to the Act herein are to article 4590i of the
Texas Revised Civil Practice and Remedies Code that was in effect at the time of the
underlying suit.